UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACHELE GREGORY,

    Plaintiff,

v.

Case No. 12-cv-13022

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                           /

**ORDER ADOPTING REPORT AND RECOMMENDATION** (document no. 17), **GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 16), **DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (document no. 11), **AND DISMISSING CASE**

The Social Security Administration ("SSA") denied Plaintiff and claimant Machele Gregory's application for disability insurance benefits and supplemental security income in a decision issued by Administrative Law Judge ("ALJ") Anthony Smerka on February 16, 2011. *See* ALJ Decision, ECF No. 9-2, at 24. After the SSA Appeals Council declined to review the decision, Gregory appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. On August 15, 2013, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant the Commissioner of Social Security's ("Commissioner") motion and deny Gregory's motion. Report, ECF No. 17.

In the Report, the magistrate judge noted that Gregory was fifty-six when the ALJ rejected her application, had completed high school, and had a work history as a machine operator and supervisor. Her application for disability alleged problems stemming from "lupus, hypertension, ruptured discs, memory problems, stroke residuals, skin blisters, and sleep apnea." *Id.* at 2. When considering Gregory's application, the ALJ found that Gregory

suffered from discoid lupus and depression, and that these conditions were severe; and that she suffered from non-severe sleep apnea. But when applying the five-step disability analysis, the ALJ found that the lupus and depression did not meet or equal a listing in the social security regulations. The ALJ also found that Gregory retained a residual functional capacity to perform light work, although restricted from working with the general public; and that Gregory was therefore capable of performing her past relevant work as a packaging supervisor and machine operator. Consequently, the ALJ determined Gregory was not disabled and denied her application. *Id.* at 7 (citing ALJ Decision at 21-23).

In her motion to remand, Gregory argued the ALJ erred by inaccurately awarding certain weight to certain physicians' opinions; that the residual function capacity assessment did not accurately identify Gregory's impairments and non-exertional limitations; and that the ALJ's credibility assessment of Gregory was flawed. *Id.* at 9. After examining the pleadings and the administrative record, the Report concluded that the ALJ's decision was supported by substantial evidence. The Report first concluded that the ALJ's opinion weight decisions were properly made, and that Gregory's objections did not accurately reflect either the physicians' opinions actual content, or the weight the ALJ assigned to any given opinion. *Id.* at 9-10. The Report also concluded that the ALJ had substantial evidence to support the residual function capacity, such as the contradiction between Gregory's claim and her prior work history and the rejection of Dr. Baddigam's mental capacity finding based on the treating record and Gregory's own demeanor during the interview. *Id.* at 10-12. Finally, the Report concluded that the ALJ had substantial evidence to find Gregory's testimony had low credibility, when taking into consideration the contradiction between Gregory's testimony and Gregory's past work, family, and social

history and the fact that Gregory's medical history did not so decide either. Thus, the Report could not disturb the ALJ's decision as to credibility. *Id.* at 13 (citing *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The Report noted that the decision "should not be read to trivialize [Gregory's] physical problems and depression," but that the evidence supported the ALJ's Decision's "zone of choice" and could not be overturned. *Id.* at 13-14 (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant the Commissioner's motion for summary judgment, deny Gregory's motion to remand, and dismiss the case.

3

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Commissioner's motion for summary judgment (document no. 16) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 17) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Gregory's motion for summary judgment (document no. 11) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 16, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager
